# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IMMOBILIARE, LLC, a California Limited Liability Company,**<br><br>Plaintiff,<br><br>v.<br><br>**WESTCOR LAND TITLE INSURANCE COMPANY, a South Carolina Corporation, and DOES 1-50,**<br><br>Defendants. | 1:19-cv-00680-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER GRANTING CROSS-DEFENDANT'S MOTION TO DISMISS UNDER RULES 9(b) and 12(b)(6).**<br>**(ECF NO. 13)** |
| **WESTCOR LAND TITLE INSURANCE COMPANY, a South Carolina Corporation,**<br><br>Cross-Complainant,<br><br>v.<br><br>**IMMOBILIARE, LLC, a California Limited Liability Company; CORPORATE AMERICA LENDING, INC., a California Corporation, and ROES 1-20,**<br><br>Cross-Defendants. | |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the

1

offices of United States Senators Dianne Feinstein and Kamala Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of any District Judge in the Eastern District of California, who must prioritize criminal and older civil cases.

Civil trials in the Eastern District of California trail until the District Judge becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if the District Judge is unavailable on the original date set for trial.

## II. **INTRODUCTION**

After Defendant Westcor Land Title Insurance Company ("Westcor") removed this action brought by Plaintiff Immobiliare, LLC[1] ("Immobiliare") in the Fresno Superior Court to this Court based on diversity jurisdiction, Westcor filed a Cross-Complaint against Immobiliare and Corporate American Lending, Inc. ("CAL") (collectively, "Cross-Defendants") on June 7, 2019. ECF No. 1, Exh. A; *id.* No. 8. The Cross-Complaint asserts four causes of action: (1) fraudulent concealment, (2) breach of implied covenant of good faith and fair dealing, (3) declaratory relief, and (4) rescission. ECF No. 8. In response, CAL brought the instant Motion to Dismiss (the "Motion") the Cross-Complaint under Federal Rule of Civil Procedure 9(b) and 12(b)(3) as to the first, third, and fourth causes of action on August 1. *Id.* No. 13. Westcor, however, stipulated with CAL to dismiss its third and fourth cross-claims on August 21, leaving only the first cross-claim for fraudulent concealment to be subject to this Motion. *Id.* No. 15. Westcor then filed its Opposition on August 21, *id.* No. 16, and CAL replied on August 29, *id.* No. 17.

Pursuant to Local Rule 230(g), the Court finds this matter suitable for a decision on the papers.

---

[1] Immobiliare is a company that has only one corporate member. ECF No. 8 ¶ 3.

2

Having carefully considered the parties' submissions and the record in this case in light of the relevant law, the Court GRANTS the Motion.

### III. BACKGROUND

The following facts are drawn from the Cross-Complaint and are accepted as true only for the purposes of this Motion. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). This entire action originates from Immobiliare's purchase of a parking lot property (the "parking lot") located in the City of Fresno and owned by Cedar Avenue Professional Offices Owners Association ("Cedar") through a tax sale for $11,322 on April 28, 2015. ECF No. 8 ¶¶ 7, 10. Cedar was unaware of the tax sale had taken place because the notice of the sale was sent to an incorrect address. *Id.* ¶ 10.

Cedar subsequently learned about the tax sale, and its attorney sent a letter to Immobiliare on July 30, 2015 "advising [Immobiliare] of the situation and offering to buy back" the parking lot, and if Immobiliare refused, Cedar threatened to demand arbitration to resolve their dispute pursuant to a documents for conditions, covenants and restrictions, which ran with the land and had been recorded in the Fresno County Recorder's Office. *Id.* ¶¶ 8, 12, 14. Immobiliare, through its agent CAL, "placed an order with Tax Title Services ('TTS') for title insurance" on the same day Cedar sent its letter. *Id.* ¶¶ 15-16. When Immobiliare, through its agent CAL, submitted an application for title insurance four months later, it misrepresented that the parking lot was vacant when it was actually being used, and that it had not been made aware or advised of any threat of legal action regarding the validity of ownership of the parking lot. *Id.* ¶¶ 14, 16. Based on the misrepresentations, Westcor, in February 2016, "issued a title policy to Immobiliare with policy limits of $11,322 – the amount Immobiliare paid" for the parking lot. *Id.* ¶ 18, 42-45.

Because Immobiliare refused to resell the parking lot back to Cedar, Cedar filed a petition for rescission of sale of property pursuant to improperly noticed tax sale (the "petition for rescission") on April 28, 2016. *Id.* ¶¶ 14, 22, 29. The Fresno County Tax Collector contacted Immobiliare about the petition for rescission sometime shortly after April 28, then again in May and on June 9, 2016. *Id.* ¶ 23,

26, 29. Without informing Westcor of the legal challenge to the ownership of the parking lot, Immobiliare sought, through its agent CAL, for policy limits increases twice to $150,000 then again to $485,000, which Westcor approved on April 15 and June 20, 2016, respectively. *Id.* ¶¶ 20-21, 30, 32. Westcor claims that Cross-Defendants knew about both the potential legal challenge to the ownership of the parking lot when Immobiliare applied for title insurance *and* the petition for rescission when it sought to increase its policy limits. *Id.* ¶¶ 14-32, 41.

On July 12, 2016, Fresno County Board of Supervisors (the "Board") held a hearing on whether to rescind the tax sale of the parking lot in which Immobiliare appeared and participated. *Id.* ¶ 33. After the hearing, the Board rescinded the tax sale and returned Immobiliare's $11,793 payment. *Id.* ¶ 34. On August 4, Immobiliare filed with Westcor "a false claim for policy benefits in the amount of $485,000 based on the rescission of the tax sale" stating that it "had no knowledge of any claim or the Petition prior to the day before [the July 12, 2016] hearing." *Id.* ¶ 35 (internal quotation marks omitted). Westcor proceeded to investigate Immobiliare's claim only to discover the fraudulent concealment, so it brought the instant cross-action after Immobiliare had filed the original action to recover on the title insurance. *Id.* ¶¶ 36-37.

## IV. <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[a]ll factual allegations in the complaint are accepted as true, and the pleadings construed in the light most favorable to the nonmoving party." *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1018 (9th Cir. 2014) (internal quotation marks and citation omitted). "In reviewing the sufficiency of a complaint, [courts are limited] to the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re*

4

*NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (citations omitted).

Rule 8(a)(2) requires a complaint to provides "only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A sufficiently pled claim "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id.* (citations omitted).

A claim is sufficiently pled when it is "plausible on its face," meaning that there are enough facts alleged to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft*, 556 U.S. at 678-79.

## V. ANALYSIS

CAL seeks to dismiss the remaining claim for fraudulent concealment on three grounds. First, it contends that Westcor has failed to allege what duty it owed to Westcor to disclose the concealed information. ECF No. 13 at 7-9. Second, Westcor has failed to allege the identity of the CAL employee who committed the fraudulent concealment as required by Federal Rule of Civil Procedure 9(b). *Id.* at 7. Third, Westcor has failed to allege that CAL knew and how it knew about the concealed information. *Id.*

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "[W]hile a federal court will examine state law to determine

whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (internal quotation marks and citation omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations omitted). "[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted).

Under California law, "[o]ne who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency . . . [¶] [w]hen *his* acts are wrongful in their nature." Civ. Code § 2343 (emphasis added). "Stated another way, the fact that the principal becomes liable under the rules of vicarious liability or otherwise does not exonerate an agent from liability for a tortious act committed by the agent while acting under the authority of the principal," but "in contrast to the vicarious liability of principals, agents are not vicariously liable for the torts of their principals." *Peredia v. HR Mobile Servs., Inc.*, 25 Cal. App. 5th 680, 692 (2018). As applied here, Westcor must allege with particularity that CAL committed the fraudulent concealment independent of its principal Immobiliare's misconduct; facts showing that Immobiliare committed fraudulent concealment do not vicariously implicate CAL, nor do they satisfy the particularity requirement of Rule 9(b).

**A.      First Cause of Action for Fraudulent Concealment**

Fraudulent concealment is one of the four forms of fraud recognized under California law. *Finch Aerospace Corp. v. City of San Diego*, 8 Cal. App. 5th 1248, 1252-53 (2017) (citation omitted). "The elements of fraudulent concealment are: (1) the defendant concealed or suppressed a material fact; (2)

6

the defendant was under a *duty* to disclose the fact to the plaintiff; (3) the defendant *intentionally* concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage. [Citation.]" *Burch v. CertainTeed Corporation*, 34 Cal. App. 5th 341, 348 (2019) (emphasis added). The Court begins with the preliminary element of duty to disclose.

### 1. CAL's Duty to Disclose

"To maintain a cause of action for fraud through nondisclosure or concealment of facts, there *must* be allegations demonstrating that the defendant was under a legal duty to disclose those facts." *Los Angeles Memorial Coliseum Com. v. Insomniac, Inc.*, 233 Cal. App. 4th 803, 831 (2015) (emphasis added). There are four circumstances under which that duty arises: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. *The latter three circumstances* presuppose[ ] the existence of *some other relationship* between the plaintiff and defendant in which a duty to disclose can arise. This relationship has been described as a 'transaction,' such as that between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual arrangement." *Burch*, 34 Cal. App. 5th at 349-50 (internal quotation marks and citations omitted) (emphasis added).

Here, Westcor's fraudulent concealment claim is premised on two circumstances: (1) that CAL had exclusive knowledge of material facts not known to Westcor and (2) that CAL was actively concealing material facts from Westcor. ECF No. 8 ¶¶ 42-43. However, to establish liability for fraudulent concealment against CAL under either of these two circumstances, Westcor must plead facts to demonstrate the existence of some transactional relationship between it and CAL in which CAL had a duty to disclose. *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 312 (2017) ("a duty to disclose arises

in this context only where there is already a sufficient relationship or transaction between the parties. Where, as here, a sufficient relationship or transaction does not exist, no duty to disclose arises even when the defendant speaks."). While the alleged facts show that Immobiliare had a duty to disclose to Westcor under the then-extant contractual relationship between them, there are no facts show that CAL had a contractual relationship with Westcor or the existence of any other transactional relationship that would give rise to a duty to disclose to Westcor the concealed information. *See* ECF No. 8. Thus, Westcor has failed to allege sufficiently the element of duty.

In opposition, Westcor seems to misinterpret California Civil Code § 2343 ("Section 2343") to argue that CAL had a duty to third parties as an agent to disclose information that Immobiliare was concealing. ECF No. 16 at 14. Section 2343 simply states that "an agent is responsible to third persons" when "his acts are wrongful in their nature." Westcor is still required by Rule 9(b) to plead sufficiently the wrongful act, namely the fraudulent concealment, that CAL committed. By failing to allege sufficiently the element of duty to disclose, Westcor has failed to state a plausible claim for fraudulent concealment.

Westcor then cites to various California cases discussing liability for affirmative misrepresentation in support of its theory of liability based on omissive misrepresentation (or fraudulent concealment). ECF No. 16 at 14 (citing *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 107 Cal. App. 4th 54 (2003); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 512 (1994)). Westcor appears to misunderstand the different forms of fraud under California and how each form requires a different set of elements. "California law generally recognizes four forms of deceit: intentional misrepresentation, negligent misrepresentation, concealment, and failure to perform a promise." *Finch Aerospace*, 8 Cal. App. 5th at 1252-53. "[Deceit] may be *negative* as well as *affirmative*; it may consist of suppression of that which it is one's duty to declare as well as of the declaration of that which is false." *Jones v. ConocoPhillips Co.*, 198 Cal. App. 4th 1187, 1198 (2011) (internal quotation marks and citation omitted) (emphasis added). "[A] cause of action for

8

misrepresentation requires an affirmative statement, not an implied assertion." *RSB Vineyards, LLC v. Orsi,* 15 Cal. App. 5th 1089, 1102 (2017) (citation omitted). While a claim for fraudulent concealment requires a duty to disclose, a claim for affirmative misrepresentation does not. *See, e.g.*, *Cansino v. Bank of America* 224 Cal. App. 4th 1462, 1469 (2014) (setting out the elements for affirmative misrepresentation in which a duty to disclose is not required); *Burch*, 34 Cal. App. 5th at 348 (providing the elements for fraudulent concealment where allegations of a duty to disclose is required). Because Westcor is asserting a claim for fraudulent concealment, the cases it cites concerning affirmative misrepresentation is inapplicable here. Westcor is required to allege the element of duty to disclose, which it has failed to do here as discussed above.

### 2. Rule 9(b)'s Particularity Requirement of "Who"

"Where fraud has allegedly been perpetrated by a corporation, moreover, plaintiffs must allege the names of the employees or agents who purportedly made the fraudulent representations or omissions, or at a minimum identify them by their titles and/or job responsibilities." *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1108 (C.D. Cal. 2015) (citing *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001)).

As CAL correctly argues, ECF No. 13 at 7; *id.* No. 17 at 4, even though CAL is a corporate cross-defendant, Westcor has failed to identify the CAL's employee who committed the fraudulent concealment as required by Rule 9(b), ECF No. 8. "As such, [CAL] is hindered in its ability to adequately defend against the accusation through the testimony of the [CAL's] employees involved." *Garrison v. Oracle Corp.*, 159 F. Supp. 3d 1044, 1075 (N.D. Cal. 2016). Accordingly, Westcor has failed to satisfy the particularity requirement of "who" under Rule 9(b).

### 3. CAL's Knowledge of the Concealed Information

CAL also takes issue with the first element of knowledge. ECF No. 13 at 7. It contends that Westcor has failed to allege sufficient facts to show that it knew and how it knew about the concealed information. *Id.* The Court disagrees.

Although "knowledge may be pleaded generally" under Rule 9(b), the Cross-Complaint "must set out sufficient factual matter from which a defendant's knowledge of a fraud might reasonably be inferred." *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 679-80 (9th Cir. 2018). Notwithstanding, "Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge. In such situations, plaintiffs cannot be expected to have personal knowledge of the relevant facts." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Here, Westcor alleges that "Cross-Defendants intentionally and fraudulently concealed the Concealed Facts from TTS and Westcor" and "intended for Westcor to rely on its fraudulent concealment" of material facts. ECF No. 8 ¶¶ 42, 44. Reading these allegations in light most favorable to Westcor, the Court finds that Westcor has alleged sufficiently and generally the element of knowledge under Rule 9(b)—that is, to intend to conceal a material fact, CAL must necessarily have had knowledge of the concealed information.

CAL then cites to and misconstrues *Swartz*, 476 F.3d 756, for the proposition that when there are multiple defendants involved in a fraud scheme, a plaintiff must *always* allege fraud against each defendant separately. ECF No. 13 at 6-7. Based on this, CAL contends that Westcor must separately allege that CAL and Immobiliare had knowledge of the concealed information and cannot lump their knowledge together as "Cross-Defendants." *Id.* This argument is unavailing. Correctly read, *Swartz* stands for the proposition that "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 764. Here, Westcor has satisfied this minimum requirement by alleging that Immobiliare was the purchaser of the title insurance and that CAL was the agent who helped with the purchase. ECF No. 8 ¶¶ 14-16.

Furthermore, *Swartz* was later clarified by the Ninth Circuit in *United States ex rel. Anita Silingo v. WellPoint, Inc.* ("*WellPoint*"), 904 F.3d 667 (2018), in which it held that where several defendants are sued in connection with an alleged fraudulent scheme, "a complaint need not distinguish between

defendants that had the exact same role in a fraud," unless "the role of each defendant in the alleged fraudulent scheme" is different, then such distinct role must be separately identified and alleged. *WellPoint*, 904 F.3d at 677. Given that CAL and Immobiliare are alleged to possess the same concealed information, Westcor need not allege their knowledge separately in the Cross-Complaint.

CAL also argues that Westcor has failed to allege *how* CAL knew of the concealed information. ECF No. 13 at 7. The argument is unpersuasive. As Westcor correctly points out, because how CAL knew of the concealed information is within CAL's knowledge, ECF No. 16 at 13 n.13, Westcor "cannot be expected to have personal knowledge of the relevant facts," *Neubronner*, 6 F.3d at 672. Thus, the application of Rule 9(b) is relaxed. Westcor alleges that each time Immobiliare was in contact with the Fresno County Tax Collector and Cedar about the ownership of the parking lot and the petition for rescission, CAL was instructed by Immobiliare to purchase title insurance or increase the policy limits.[2] ECF No. 8 ¶¶ 14-32, 41. Because Westcor does not know how CAL knew about the concealed information, these facts are sufficient to satisfy a relaxed application of Rule 9(b).

## VI. **CONCLUSION AND ORDER**

Although Westcor has sufficiently alleged the element of knowledge, it has failed to allege sufficiently the element of duty and the identity of CAL's employee who committed the fraudulent concealment. Accordingly, the Motion is GRANTED. "As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice. [L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Vess*, 317 F.3d at 1108

---

[2] Westcor also improperly submits email exchanges between the parties for the Court to consider in determining the sufficiency of the Cross-Complaint without asking the Court to take judicial notice. *See* ECF No. 16 at 12 n.2 (citing Exhibit 1). This is highly improper. "[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), '[r]eview is limited to the complaint.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The Court therefore declines to consider email exchanges.

11

(internal quotation marks and citations omitted). Given that this is Westcor first Cross-Complaint and it may be able to cure the pleading defects identified herein, Westcor is GRANTED twenty days to amend the first cause of action from electronic service of this Order. Alternatively, Westcor may give notice that it will stand on the current Cross-Complaint within twenty days.

IT IS SO ORDERED.

Dated: **December 13, 2019**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE